UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:**<br>2023 Land Rover Range Rover<br>VIN: SALKP9E76PA021043<br><br>Defendant *in Rem.* | **Misc. No.:** 24-mc-51185<br>**Honorable:** David M. Lawson |

**Stipulation Extending United States' Time to File
Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Damon Perkins ("claimant"), by and through his attorney, Todd Perkins, as follows:

1. On April 25, 2024, the Drug Enforcement Administration ("DEA") seized the following property: 2023 Land Rover Range Rover VIN: SALKP9E76PA021043 (referred to herein as the "Subject Property").

2. The Parties acknowledge and stipulate that DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Subject Property to all known interested parties, including to the claimant.

3. The claimant filed a claim in the administrative forfeiture proceeding with DEA regarding the Subject Property. No other person has filed a claim to the Subject Property in the administrative forfeiture proceeding.

4.	DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5.	Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline was **October 26, 2024**.

6.	On October 18, 2025, this Honorable Court entered an Order granting stipulation to extend time to file forfeiture complaint and toll the civil filing deadline, extending the deadline to **February 23, 2025**.

7.	As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to further extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Subject Property.

8. The claimant knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action by **February 23, 2025**.

9. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **February 23, 2025** to and including **May 24, 2025**.

10. The claimant waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. The claimant further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Subject Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

11. The claimant agrees that until the United States files a complaint for forfeiture against the Subject Property and/or alleges forfeiture of the Subject

3

Property in a criminal action, or until **May 24, 2025**, whichever occurs first, the Subject Property shall remain in the custody of the United States and the claimant shall not seek its return for any reason in any manner.

12. By signing below, Todd Perkins declares that prior to signing this Stipulation, he provided a copy of it to the claimant, reviewed it with the claimant, consulted with the claimant regarding its contents, answered any questions the claimant had about it, determined that the claimant understands its terms and is aware of his rights in this matter, and the claimant authorized Todd Perkins to sign this Stipulation.

13. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Julie A. Beck
Acting United States Attorney

s/Kelly E. Fasbinder
Kelly E. Fasbinder (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9520 (Fasbinder)
kelly.fasbinder@usdoj.gov

*s/Todd Perkins (with consent)*
Todd Perkins (P55623)
Attorney for Damon Perkins
The Perkins Law Group PLLC
615 Griswold St Ste 400
Detroit, MI 48226
(313) 351-964-1702
tperkinslawgroup.net

Dated: February 20, 2025

Dated: February 20, 2025